*574 OPINION.
Teussell:
We are presented with two questions of fact, one as to the deduction for the loss of assets during the year as shown by petitioner’s closing inventory and termed in the petition as depreciation, and the other as to the amount of depreciation.
The facts established that petitioner sustained a loss during 1919 through reduction of its inventory, caused by breakage and/or loss of physical assets, and that loss amounted to $7,260.90, of which amount the respondent has disallowed a deduction of $4,686.06. The amount of $4,686.06 should be' allowed as a deduction in computing petitioner’s net income for the year 1919 as provided for in section 234 (a) of the Revenue Act of 1918.
As to the question of whether the respondent erred in disallowing $207.37 of the $807.51 claimed by petitioner for depreciation, we have before us no facts upon which to base any conclusion.
With reference to the recomputation of petitioner’s tax liability on the reduced net income, in accordance with this decision and the provisions of sections 327 and 328 of the Revenue Act of 1918, the respondent should use the same comparatives and rates as were used when the deficiency here involved was computed. Counsel for the petitioner stated in his closing statement at the hearing on this proceeding, that such comparatives and rates would be perfectly satisfactory. j
Judgment will be entered ufon 15 days’ notice, pursuant to Rule 50.
Considered by Littleton, Smith, and Love.